18468. HERRINGTON *v.* HERRINGTON *et al.*

STEPHENS, J. 1. In a suit by an heir at law of an estate to recover of the defendants under authority of the Civil Code (1910), § 3886, for having, as executors de son tort, intermeddled with the personalty belonging to the estate and converted it to their own use, the plaintiff's right to recover can in no wise be affected by the fact that advancements had been made to him by the intestate in her lifetime, or by the fact that one of the defendants had performed services for the intestate. The court therefore erred, prejudicially to the plaintiff, in admitting, over objection, testimony to the effect that the plaintiff had, prior to the death of the intestate, received various articles of personal property from the intestate; and also so erred in admitting, over objection, testimony to the effect that one of the defendants had lived with the intestate during the latter's lifetime and had performed valuable services for the intestate. The jury having found a verdict for the defendants, the court erred in not granting the plaintiff a new trial.

2. In a suit by an heir at law of an estate to recover of the defendants for having as executors de son tort intermeddled with the personalty belonging to the estate and converted it to their own use, where the plaintiff alleges that he and the two defendants, and another person, not a party to the suit, are brothers and sisters and heirs at law of the intestate, that after the death of the intestate it was agreed by all the heirs at law that the two defendants, who had lived at the home place with the intestate, who was their mother, should continue in possession of all the personalty belonging to the estate for and during the life of their father, and at the father's death render to the heirs of the estate an accounting for the personalty, that the father has since died, and that the defendants have refused to render an accounting and have converted the personalty of the estate to their own use, and where the defendants, by plea deny the making of any such agreement as alleged by the plaintiff, and deny the allegations of the plaintiff's petition and allege that the personalty sued for was their individual property and had never been the property of the estate, and also plead the statute of limitations, and where, upon the trial, the evidence presents an issue as to the existence of the alleged agreement by which the defendants were to preserve the personalty belonging to the estate during the father's lifetime, and the only evidence in support of the plea of the statute of limitations is the nonexistence of the alleged agreement by the defendants to preserve the property of the estate during the father's lifetime, and where, because of the existence of such agreement, the suit is not barred by the statute of limitations, and there is no evidence that the defendants, otherwise than by the alleged agreement, committed any act or indulged in any conduct that induced the plaintiff to defer the filing of the suit until after the death of the father, which death occurred more than four years after the defendants took possession of the property, the evidence presents no issue as to any fraudulent conduct upon the part of the defendants in lulling the plaintiff into security and thereby inducing him to defer the institution of the suit. The trial judge, therefore, did not err, as contended in the plaintiff's motion for a new trial, in failing to comply with certain requests to charge, made by the plaintiff, applicable to the issue of fraud.

3. In view of the above rulings, which are controlling. and the fact that the case is to be tried again, upon another theory, it is unnecessary to pass upon the remaining assignments of error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided September 17, 1928.

*F. A. Cantrell, J. M. Lang,* for plaintiff.
*J. G. B. Erwin,* for defendants.